NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**BONNIE J. GOODRICH,**
*Petitioner*

**v.**

**DEPARTMENT OF JUSTICE,**
*Respondent*

_____

2020-2224

_____

Petition for review of a decision of the Bureau of Justice Assistance in PSOB Claim No. 2012-083.

_____

Decided: June 9, 2021

_____

ROBERT BERNARD BRUNER, Norton Rose Fulbright US LLP, Houston, TX, argued for petitioner.

ERIN MURDOCK-PARK, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent. Also represented by BRIAN M. BOYNTON, MARTIN F. HOCKEY, JR., TARA K. HOGAN, SONIA W. MURPHY.

_____

Before LOURIE, PROST*, and O'MALLEY, *Circuit Judges*.

_____

*    Sharon Prost vacated the position of Chief Judge on May 21, 2021.

PROST, *Circuit Judge.*

Bonnie J. Goodrich appeals the final decision of the Bureau of Justice Assistance ("BJA") denying her claim for death benefits under the Public Safety Officers' Benefits Act of 1976 ("PSOB Act"), Pub. L. No. 94-430, 90 Stat. 1346 (codified as amended at 34 U.S.C. §§ 10281–10288). Because the BJA's decision is supported by substantial evidence and properly applies the statute and the BJA's implementing regulation, 28 C.F.R. § 32.13, we affirm.

## BACKGROUND

Ms. Goodrich filed her claim under the PSOB Act following the death of her brother, Assistant Fire Chief John W. Jeffers of the Wellington-Greer Fire Protection District ("WGFD") in Illinois. Mr. Jeffers had been a volunteer firefighter for the WGFD since 1975 and served as assistant chief from 1989 until his death in April 2009. It is undisputed that Mr. Jeffers was a public safety officer who died in the line of duty within the meaning of the PSOB Act.

At the time of his death, Mr. Jeffers was not married and had no children. He was survived by two sisters, one being Ms. Goodrich. Mr. Jeffers had filed one designation-of-beneficiary form with the WGFD, a form bearing the header "Court of Claims – State of Illinois" and naming Ms. Goodrich as sole beneficiary of Mr. Jeffers's Illinois line-of-duty death benefits "[i]n accordance with the provisions of the 'Law Enforcement Officers and Firemen Compensation Act'" ("Illinois Form"). J.A. 48. It is undisputed that at the time of Mr. Jeffers's death, the Illinois Form was the only designation-of-beneficiary form of any sort on file with the WGFD for Mr. Jeffers.

The PSOB Act lists a hierarchy of potential claimants for death benefits. As relevant here, the PSOB Act provides that "if there is no surviving spouse of the public

safety officer and no surviving child," death benefits shall be paid

> (A) to the surviving individual . . . designated by the public safety officer *to receive benefits under this subsection* in the most recently executed designation of beneficiary of the public safety officer on file at the time of death with the public safety agency, organization, or unit; or

> (B) if there is no individual qualifying under subparagraph (A), to the surviving individual . . . designated by the public safety officer to receive benefits under the most recently executed *life insurance policy of the public safety officer on file* at the time of death with the public safety agency, organization, or unit.

34 U.S.C. § 10281(a)(4)(A)–(B) (emphases added).[1] The implementing regulation in turn provides:

> *Execution of a designation of beneficiary under the Act, at 34 U.S.C. [§] 10281(a)(4)(A)* means the legal and valid execution, by the public safety officer, of a writing that, designating a beneficiary, expressly, specifically, or unmistakably refers to—

>> (1) The Act (or the program it creates); or

>> (2) All the death benefits with respect to which such officer lawfully could designate a beneficiary (if there be no writing that satisfies paragraph (1) of this definition).

> . . .

---

[1]    The statute directs to continue down the hierarchy if no individual qualifies under § 10281(a)(4)(A)–(B).

*Life insurance policy on file*—A life insurance policy is on file with a public safety agency, -organization, or -unit, only if—

> (1) It is issued through (or on behalf of) the same; or

> (2) The original (or a copy) of one of the following is deposited with the same by the public safety officer *whose life is insured under the policy*, for it to maintain with its personnel or similar records pertaining to him:

>> (i) The policy (itself);

>> (ii) The declarations page or -statement from the policy's issuer;

>> (iii) A certificate of insurance (for group policies);

>> (iv) Any instrument whose execution constitutes the execution of a life insurance policy; or

>> (v) The substantial equivalent of any of the foregoing.

28 C.F.R. § 32.13 (emphases added).

On December 30, 2011, Ms. Goodrich filed her claim for death benefits with the BJA's PSOB Office. The office denied Ms. Goodrich's claim and on April 28, 2014, Ms. Goodrich requested determination of her claim by an independent hearing officer. The hearing officer found that Ms. Goodrich was not eligible as a payee under § 10281(a)(4)(A) because Mr. Jeffers's Illinois Form (the only relevant form on file with WGFD) did not reference benefits available under the PSOB Act or contain a general statement concerning all Mr. Jeffers's death benefits. The hearing officer further found that Ms. Goodrich was not

eligible under § 10281(a)(4)(B) because Mr. Jeffers did not have a life insurance policy on file with the WGFD.

Ms. Goodrich then appealed the hearing officer's denial of her claim to the BJA. The BJA reviewed Ms. Goodrich's claim de novo and adopted the hearing officer's findings, holding that Mr. Jeffers's Illinois Form was not a designation of beneficiary under the PSOB Act or a "life insurance policy" within the meaning of the PSOB Act. *See* J.A. 1–12. Ms. Goodrich now appeals the BJA's decision. We have jurisdiction under 34 U.S.C. § 10287.

## DISCUSSION

Our review of a denial of a claim for death benefits by the BJA "is limited to three inquiries: (1) whether there has been substantial compliance with statutory requirements and provisions of implementing regulations; (2) whether there has been any arbitrary or capricious action on the part of the government officials involved; and (3) whether substantial evidence supports the decision denying the claim." *Amber-Messick v. United States*, 483 F.3d 1316, 1321 (Fed. Cir. 2007); *see Li v. Dep't of Just.*, 947 F.3d 804, 807 (Fed. Cir. 2020). In this case, we review the BJA's determination that Ms. Goodrich is not eligible as a payee under either § 10281(a)(4)(A) or § 10281(a)(4)(B). We agree with the BJA that Ms. Goodrich's claim does not meet the requirements of either prong.

First, the BJA correctly applied the statute and implementing regulation in determining that Ms. Goodrich does not qualify as a payee under § 10281(a)(4)(A). To qualify under this prong, a payee must be "designated by the public safety officer to receive benefits *under this subsection* in the most recently executed designation of beneficiary . . . on file." § 10281(a)(4)(A) (emphasis added). This language is clear that a qualifying designation under this prong must encompass PSOB benefits—the benefits that arise "under this subsection." Here, it is undisputed that Mr. Jeffers's Illinois Form does not reference the

PSOB Act, PSOB benefits, federal death benefits, or all death benefits to which Mr. Jeffers could have designated a beneficiary. Instead, the Illinois Form refers only and specifically to Mr. Jeffers's state line-of-duty death benefits arising under state law. *See* J.A. 48. Therefore, we cannot plausibly read the Illinois Form to encompass a designation of PSOB benefits. The implementing regulation is consistent with the statutory language and clarifies that a designation of beneficiary under § 10281(a)(4)(A) must "expressly, specifically, or unmistakably" refer to either "[t]he [PSOB] Act (or the program it creates)" or "[a]ll the death benefits with respect to which [the] officer lawfully could designate a beneficiary." 28 C.F.R. § 32.13. The Illinois Form does not meet any of these criteria.

Second, the BJA correctly applied the statute and implementing regulation in determining that Ms. Goodrich does not qualify as a payee under § 10281(a)(4)(B). To qualify under this prong, a payee must be "designated . . . to receive benefits under the most recently executed *life insurance policy* of the public safety officer on file." § 10281(a)(4)(B) (emphasis added). This language is clear that the officer's life insurance designation on file "determines the proper beneficiary for PSOB benefits." *Li*, 947 F.3d at 808. Here, it is undisputed that Mr. Jeffers did not have a life insurance policy on file with the WGFD.[2] Accordingly, Ms. Goodrich cannot qualify for PSOB benefits under the plain language of § 10281(a)(4)(B). Ms. Goodrich argues that the Illinois Form may nonetheless stand in as a "life insurance policy" under this prong because the implementing regulation defines the term "'life insurance policy on file' broadly to include '[t]he

---

[2]    Mr. Jeffers did name Ms. Goodrich as a beneficiary under a private life insurance policy that was not on file with the WGFD. J.A. 34–36, 386.

substantial equivalent' of a life insurance policy."
Appellant's Br. 26 (quoting 28 C.F.R. § 32.13). We disagree
with Ms. Goodrich's reading of the regulation. The
regulation defines a life insurance policy as "on file . . . *only
if* . . . (1) *It is issued* through (or on behalf of) the [public
safety agency]; or (2) The original (or a copy) of one of
[several filing options] is deposited with the [public safety
agency] by the . . . officer *whose life is insured* under the
policy." 28 C.F.R. § 32.13 (emphases added). The
"substantial equivalent" language referenced by
Ms. Goodrich is only then stated as one of the several filing
options—namely, the "substantial equivalent of any of"
"[t]he policy (itself)," "[t]he declarations page or -statement
from the policy's issuer," "[a] certificate of insurance (for
group policies)," or "[a]ny instrument whose execution
constitutes the execution of a life insurance policy." *Id.*
But the overarching language makes clear that these
options must be filed by the public safety officer "whose life
is insured under the policy." *Id.* Therefore, the regulation
requires an actual life insurance policy, consistent with the
plain language of § 10281(a)(4)(B).

Ms. Goodrich also contends that she "was
Mr. Jeffers'[s] intended beneficiary for PSOB Act benefits
and that the WGFD and Mr. Jeffers believed (and
intended) that his [Illinois Form] would designate his
beneficiary under the PSOB Act." Appellant's Br. 25. But
the statute "leaves no room" for us to consider what
Mr. Jeffers may have intended in contrast to what
Mr. Jeffers placed on file. *See Li*, 947 F.3d at 808 (rejecting
evidence of alleged intent because to consider the evidence
would "be inconsistent with the text of § 10281(a)(4)(B)").

We have considered Ms. Goodrich's remaining argu-
ments but find them unpersuasive in view of the statutory
language and implementing regulation. As discussed,
Mr. Jeffers's Illinois Form does not satisfy § 10281(a)(4)(A)
or (B). Accordingly, the BJA's denial of Ms. Goodrich's

claim was not arbitrary or capricious and was supported by substantial evidence.

## CONCLUSION

Mr. Jeffers served the WGFD honorably for decades, first as a firefighter and then as Assistant Fire Chief. But we, like the BJA, have a duty to apply the statutory requirements of the PSOB Act. For the foregoing reasons, we affirm.

## **AFFIRMED**

## COSTS

No costs.